GULF, M. & N. R. Co. *v.* JONES.

(Division A. Dec. 16, 1929.)

[125 So. 114. No. 28249.]

**B. N. Knox,** of New Albany, and **Flowers, Brown & Hester,** of Jackson, for appellant.

**Fontaine & Adams,** of Pontotoc, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment for one thousand five hundred dollars, damages alleged to have been sustained by the appellee because of being wrongfully put off of one of the appellant's trains on which she was a passenger.

The appellant's complaint is that (1) the verdict should have been directed in its favor, and (2) the damages awarded are excessive.

The appellee was a student at Belhaven College, Jackson, Mississippi, and was returning to her home at Pontotoc for the Christmas holidays. She boarded a sleeping car on the appellant's road at Jackson at night and about daylight the next morning was awakened by the porter and told that Pontotoc would be the next stop. When the train stopped the porter carried her baggage from the car and deposited it on the ground. She was familiar with the station at Pontotoc and its surroundings, and while on the platform, or vestibule, of the train as she was leaving it told the porter that it was not Pontotoc, but he replied that it was, and she got off, again insisting that it was not Pontotoc, but the porter insisting that it was and stating that the station was a short distance up the track. As soon as she got off the train the porter got back on it, and it immediately left. The station at which she got off was a small flag station about six miles from Pontotoc. A gentleman, on his way also to Pontotoc, got off the train at the same time and for the same reason. He introduced himself to the appellee, ascertained that they had mutual friends, and told her not to be afraid, that he would take care of her. He assisted her in carrying her baggage to the station, and from there they went to a nearby residence where they remained in a warm room for something less than an hour and then started for Pontotoc in an open automobile which they had secured for that purpose. They had gone not more than one-half mile when they met a brother of the appellee who had come for her in a closed automobile, to which they transferred, and in which they went to Pontotoc, arriving at the appellee's home about seven A. M. The weather was cold, and she says she contracted a cold from being put off at the wrong station, because of which cold she was delayed four days in returning to

Belhaven College. She also said, and was corroborated by her mother and father, that she became very nervous, could not sleep well, and became more so, resulting in her having to leave Belhaven College sometime in April, though her student record there was good.

According to the evidence of the gentleman who assisted the appellee after she left the train she was not frightened and appeared in no way to be nervous but did lament the fact that her mother would be disappointed when she did not arrive at Pontotoc on the train.

Appellant's porter testified that on the occasion in question he was on his first run on that train, and was told by the conductor just before he awakened the appellee that the next stop would be Pontotoc. Pontotoc was the next regular stop, but the train was flagged at the station at which the appellee got off, but this fact was unknown to the porter, and he, supposing the stop was for Pontotoc, so informed the appellee.

The court below committed no error in refusing to direct a verdict for the appellant. The appellee had to act quickly in getting off the train, and the jury were warranted in believing that she was not sufficiently sure when she did so that the train had not arrived at Pontotoc to impose on her the duty not to accept the porter's statement that it had arrived there.

On the motion for a new trial the judge below stated that the verdict, in his judgment, was excessive, but, "I doubt the propriety of a circuit judge passing on those things where a jury has already passed on them. I think it is all right for the case to go to the supreme court." By a long line of decisions this court has held that excessive verdicts are within the control of the judges of the trial courts, and they are charged with the duty of awarding relief therefrom.

There is nothing in the evidence which would warrant the jury in believing that the consequences claimed by the appellee to have resulted from her being put off

at the wrong station in fact resulted therefrom, for, conceding that she contracted a cold because thereof, there is nothing in the evidence to indicate that it caused her thereafter nervous condition. If the appellee will enter a remittitur of one thousand two hundred dollars the judgment of the court below will be affirmed, otherwise it will be reversed in so far as it awards damages, and will be remanded for trial on that issue only.

So ordered.